**STATE of Minnesota, Respondent,**

v.

**Mohammed G. AL–NASEER,
Appellant.**

**No. A05–1394.**

Court of Appeals of Minnesota.

Sept. 26, 2006.

---

Mike Hatch, Attorney General, and Kelly O'Neill Moller, Catherine M. Powell, Assistant Attorneys General, St. Paul, MN, for respondent.

Kenneth J. Kohler, Clay County Attorney, Moorhead, MN, for respondent.

John M. Stuart, State Public Defender, Theodora Gaïtas, Assistant State Public Defender, Minneapolis, MN, for appellant.

Considered and decided by ROSS, Presiding Judge; GORDON SHUMAKER, Judge; and WRIGHT, Judge.

## OP I N I O N

ROSS, Judge.

This case concerns a tragic nighttime accident in which a car struck a person on Highway 10 near Glyndon in June 2002. Appellant Mohammed Al-Naseer challenges his conviction of vehicular homicide under Minn.Stat. § 609.21, subd. 1(7) (2000), arguing that a conviction based on leaving the scene of an accident causing the death of a person requires proof of his *mens rea* that he knew that the accident involved a person. Because we conclude that the district court erred by construing the statute to not impose the *mens rea* requirement that the driver knew or had reason to know that he had been in an accident that resulted in bodily injury to or death of a person, we reverse.

## FACTS

Mohammed Al-Naseer was driving westbound from Cass Lake toward his home in Fargo, North Dakota, near midnight when he came upon Kane Thomson. Thomson was crouched to change the rear, driver's-side flat tire of his car, which was stopped on the westbound shoulder. Al-Naseer's car drifted partially onto the shoulder and struck and killed Thomson. Al-Naseer continued driving west on Highway 10 for six miles, when Dilworth Police Officer John Froemke pulled behind and stopped his vehicle.

In January 2003, a jury convicted Al-Naseer of two counts of criminal vehicular homicide based on driving in a grossly negligent manner and leaving the scene of an accident causing death. In April 2004, this court affirmed Al-Naseer's conviction for gross negligence but reversed his conviction for leaving the scene of an accident under Minn.Stat. § 609.21, subd. 1(7) (2000), because we held that the district court erroneously instructed the jury that a defendant may be found guilty of the offense even if he was unaware that he had been in an accident. *State v. Al-Naseer*, 678 N.W.2d 679, 695–96 (Minn.App.2004). In January 2005, the supreme court reversed Al-Naseer's remaining conviction for gross negligence under Minn.Stat. § 609.21, subd. 1(1) (2000), because the jury was not instructed on the lesser-in-

cluded offense of careless driving. *State v. Al–Naseer,* 690 N.W.2d 744, 753 (Minn. 2005). The supreme court remanded the case for a new trial. *Id.*

On remand, the district court conducted a bench trial and found Al–Naseer guilty of vehicular homicide for leaving the scene of the accident, not guilty of vehicular homicide for driving in a grossly negligent manner, and guilty of the lesser-included offense of careless driving. The district court found Al–Naseer guilty of vehicular homicide after specifically finding beyond a reasonable doubt that Al–Naseer "was aware and/or conscious that he had been involved in a motor vehicle accident and consciously and intentionally left the scene of the accident." But the district court made no finding regarding whether Al–Naseer was aware that his collision involved injury to or death of a person after it interpreted section 169.09, subdivision 1, as not requiring a finding concerning whether the driver knew that the accident involved a person:

> The Court interprets this statute that when a person dies as a result of an accident, it is not necessary for the defendant to actually know that he struck a person and killed him, but that it is only necessary for the defendant to know that he was involved in a motor vehicle collision.

The district court sentenced Al–Naseer to 48 months' incarceration for vehicular homicide for leaving the scene of an accident that resulted in death. Al–Naseer contests his conviction in this appeal.

## ISSUE

Does Minn.Stat. § 609.21, subd. 1(7) (2000), which defines criminal vehicular homicide as leaving the scene of an accident causing a person's death in violation of Minn.Stat. § 169.09, subd. 1 (2000), include the *mens rea* element that the driver was aware that the accident involved injury to or death of a person?

## ANALYSIS

■ Al–Naseer challenges the district court's construction of the vehicular-homicide provisions of Minnesota Statutes, sections 609.21, subdivision 1(7), and 169.09, subdivision 1 (2000). Whether the district court has properly construed these statutes is a question of law subject to our de novo review. *State v. Murphy,* 545 N.W.2d 909, 914 (Minn.1996).

A driver is guilty of criminal vehicular homicide if he causes the death of an individual and "leaves the scene of the accident in violation of section 169.09, subdivision 1." Minn.Stat. § 609.21, subd. 1(7). Section 169.09, subdivision 1, provides the operative language that triggers the duty to stop:

> The driver of any vehicle involved in an accident resulting in immediately demonstrable bodily injury to or death of any person shall immediately stop the vehicle at the scene of the accident, or as close to the scene as possible, but shall then return to and in every event shall remain at, the scene of the accident until the driver has fulfilled the requirements of this chapter as to the giving of information.

In reversing Al–Naseer's conviction, this court considered this statutory language and held that "[t]he legislature has not clearly indicated its intent to dispense with a *mens rea* requirement" and concluded that "the district court should have implied a knowledge requirement as a matter of law." *State v. Al–Naseer,* 678 N.W.2d 679, 696 (Minn.App.2004).

■ Although we instructed the district court that conviction for vehicular homicide based on leaving the scene of the accident requires a finding concerning *mens rea,* we did not advise the district

court of the terms of that requirement. But section 169.09, subdivision 1, implies the terms by requiring a driver to stop and remain at the scene of an accident that results "in immediately demonstrable bodily injury to or death of any person." The ordinary meaning of "demonstrable" is "obvious" or "apparent." *American Heritage Dictionary* 484 (4th ed. 2000); *see also* Minn.Stat. § 645.08(1) (2000) (stating that words in statutes "are construed . . . according to their common and approved usage"). The statute therefore imposes liability on a driver who has left the scene of an accident resulting in obvious or apparent bodily injury to a person. Stated another way, a driver is liable for leaving an accident if the driver knew or reasonably should have known that the accident caused bodily injury to or death of an individual. And while it might be presumed that a collision between a car and a person results in bodily injury or death, at a minimum, criminal liability for leaving the scene of this type of collision requires the driver's awareness that the collision involved a person.

Although the district court found that Al–Naseer told Officer Froemke that he "did not know what he had hit," the district court did not make its own finding concerning Al–Naseer's *mens rea* based on the evidence. The court essentially concluded that Al–Naseer's awareness that he hit something—*anything*—results in criminal liability for vehicular homicide based on failure to stop at the scene of the accident. We cannot agree with this conclusion.

■ Not only does the language of section 169.09, subdivision 1, support a more specific *mens rea* requirement, a survey of the other hit-and-run prohibitions in section 169.09 also supports the requirement. The various provisions of section 169.09 do not impose any criminal liability on a driv-

er who leaves the scene of a collision with such objects as a log, an unattended bicycle, or a wild animal. *See* Minn.Stat. 169.09, subd. 1 (requiring driver to stop after an accident resulting in immediately demonstrable bodily injury or death); subd. 2 (requiring driver to stop after an accident with vehicle driven or attended by an individual); subd. 4 (requiring driver to stop after collision with an unattended vehicle); subd. 5 (requiring driver of a vehicle that collides with a legally placed roadway fixture to report the accident and notify property owner) (2000). But the district court's construction of subdivision 1 would result in criminal liability for vehicular homicide even if the driver has a reasonable but mistaken belief that he has struck something other than a person. This construction is in error not only because it disregards that the statute expressly conditions the duty to stop on the immediate demonstrability of bodily injury to or death of "any person," but also because it would impose a sort of strict liability. Because liability for failure to stop under the provisions of section 169.09 depends entirely on whether the driver has collided with or caused injury to specified objects, the *mens rea* requirement cannot be only that the driver knows that he has struck "something." The statute requires that the driver knows that he has struck the type of thing that triggers the duty to stop.

Because the district court misconstrued the *mens rea* requirement, it did not address whether the facts establish beyond a reasonable doubt that Al–Naseer knew or had reason to know that the "something" he struck was a person, such that bodily injury or death was "immediately demonstrable" to him from his observations or to an objective, reasonable person from the circumstances. We therefore reverse Al–Naseer's conviction of vehicular homicide

for leaving the scene of an accident causing death in violation of section 609.21, subdivision 1(7), as controlled by 169.09, subdivision 1.

## DECISION

A conviction of vehicular homicide based on a driver leaving the scene of an accident causing death under Minn.Stat. § 609.21, subd. 1(7) (2000), requires that the driver knew or had reason to know that the accident caused bodily injury to or death of a person. Because the district court erred as a matter of law by applying the incorrect *mens rea* requirement, we reverse Al–Naseer's conviction and remand for additional findings.

**Reversed and remanded.**